UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20687-CV-JLK

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

      Plaintiff,

v.

OPERADORA AVIOMAR S.A. de C.V.,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** comes before the Court upon Defendant Operadora Aviomar S.A. de C.V.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE #38), filed on April 30, 2012. The Court is fully briefed on the matter.[1] Upon careful consideration of the Parties' arguments, the Court finds that it must dismiss the above-styled action.

### I. BACKGROUND

This is a breach of contract action between Plaintiff Carnival Corporation ("Carnival") and Defendant Operadora Aviomar S.A. de C.V. ("Aviomar"). Plaintiff Carnival is a corporation organized pursuant to the laws of Panama, with its principal place of business in Miami, Florida. (Am. Compl. ¶ 3, DE #37). Defendant Aviomar is a

---

[1] Plaintiff Carnival filed a Response (DE #42-1) on May 23, 2012, and Defendant Aviomar filed a Reply (DE #44) on June 15, 2012.

foreign company with its principal place of business located in Yucatan, Mexico. (*Id.* at ¶ 4). On February 28, 2011, Plaintiff filed a Complaint in the above-styled action against Defendant Aviomar,[2] seeking declaratory decree and damages for Defendant Aviomar's alleged failure to indemnify Plaintiff Carnival for maintenance and cure provided to an employee of Plaintiff Carnival who was injured during an ATV ride offered by Defendant Aviomar in Acapulco, Mexico. (Compl., DE #1). The Complaint has since been amended, and the Amended Complaint is now the operative pleading.

According to the Amended Complaint, Plaintiff Carnival and Defendant Aviomar entered into a Standard Shore Excursion Independent Contractor Agreement ("Agreement" or "underlying indemnity contract") on or about October 7, 2004. (Am. Compl. ¶ 16). Pursuant to the Agreement, Defendant Aviomar offered shore excursions to passengers of Plaintiff Carnival's ships. The Agreement specified that Defendant Aviomar was responsible for obtaining liability insurance, and required to indemnify Plaintiff Carnival "for all losses, claims, liabilities, damages, causes of action, legal fees, and costs and expenses which may arise or be claimed against CARNIVAL related to, in connection with, as a consequence of or arising from the business or operations of AVIOMAR." (Am. Compl. ¶ 16). The Agreement also provides that it "shall be governed by and construed in accordance with the General Maritime Law of the United States and/or the Laws of the State of Florida, U.S.A." (Agreement ¶ 14(e), DE #37-1).

---

[2] Defendant ACE American Insurance Company was voluntarily dismissed on March 28, 2012, prior to the filing of the Amended Complaint. (DE #36).

On February 29, 2008, in Acapulco, Mexico, an employee of Plaintiff Carnival sustained personal injuries during an ATV shore excursion owned and operated by Defendant Aviomar. (Am. Compl. ¶ 8). Since then, Plaintiff Carnival has been paying maintenance and cure, in excess of $500,000.00, to the employee in accordance with federal maritime law. (*Id.* at ¶ 11). *See generally* Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 *et seq.*; 46 U.S.C. § 30104 ("the Jones Act"). Pursuant to the Agreement, Plaintiff Carnival has tendered its defense to Defendant Aviomar and seeks reimbursement and indemnity for the injuries sustained by Plaintiff Carnival's employee. (Am. Compl. ¶ 18). Defendant Aviomar has neither accepted the defense nor indemnified Plaintiff Carnival. (*Id.*). With the instant action, Plaintiff Carnival asserts claims against Defendant Aviomar for Breach of Contract (Count I); Equitable Indemnity (Count II); Contribution (Count III); and Declaratory Relief (Count IV). (Am. Compl.). Before the Court now is Defendant Aviomar's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Motion to Dismiss, DE #38).

## II. DISCUSSION

In the above-styled action, Plaintiff Carnival alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1333. More specifically, Plaintiff Carnival alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331, because Plaintiff Carnival has been paying maintenance and cure pursuant to federal law. (Am. Compl. ¶ 1, DE #37). In addition, Plaintiff Carnival argues that this Court has admiralty jurisdiction under 28 U.S.C. § 1333, because the underlying

3

indemnification contract is a maritime contract, pursuant to which Plaintiff Carnival seeks Defendant Aviomar's defense and indemnification of claims under the general maritime laws of maintenance, cure, and unseaworthiness. (*Id.*). Finally, Plaintiff Carnival asserts that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are met, because the amount in controversy is above $75,000.00 and Plaintiff Carnival maintains its principal place of business in Florida while Defendant Aviomar maintains its principal place of business in Mexico. (*Id.* at ¶ 2).

With the instant Motion to Dismiss, Defendant Aviomar challenges all of Plaintiff Carnival's grounds for subject matter jurisdiction. More specifically, Defendant Aviomar maintains that all of Plaintiff Carnival's claims arise under contract, as opposed to federal law or general maritime laws, so as not to invoke jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1333. In addition, Defendant Aviomar argues that complete diversity is lacking where Plaintiff Carnival is incorporated in Panama and Defendant Aviomar maintains its principal place of business in Mexico.

A principal tenant of federal civil procedure is that federal courts are courts of limited jurisdiction. *See generally Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (explaining that within the bounds of Article III, federal courts may hear only those cases for which Congress has granted jurisdiction). Where, as here, a court finds than an action does meet the requirements of the plaintiff's asserted grounds for subject matter jurisdiction, it must dismiss the action.

4

### A. *The Claims Asserted and Relief Requested Do Not Arise Under Federal Law*

Plaintiff Carnival's first asserted ground for subject matter jurisdiction is federal question. 28 U.S.C. § 1331 (granting federal courts original jurisdiction over matters that arise under federal law, treaties, and the United States Constitution). In the Amended Complaint, Plaintiff Carnival asserts claims for breach of contract, equitable indemnity, contribution, and declaratory relief, all stemming from the legal rights conferred by the underlying indemnification contract. (Am. Compl.). As a basis for federal question jurisdiction, the Amended Complaint states that resolution of its claims against Defendant Aviomar necessarily involves an analysis of the employee's federally-based maintenance and cure claims against Plaintiff Carnival. (*Id.*). In contrast, Defendant Aviomar argues, and the Court agrees, that Plaintiff Carnival's claims, absent any independent claims under federal law, relate only to the enforcement of the underlying indemnification contract, which does not itself invoke a federal question. (Motion, at 7–8). Upon consideration of the claims asserted and the relief requested in the Amended Complaint, the Court finds that, although Plaintiff Carnival's obligation to its employee arises under federal law, any relief available to Plaintiff Carnival in the instant matter derives exclusively from its contractual relationship with Defendant Aviomar. Accordingly, as the Amended Complaint does not allege any claims arising under the Constitution, laws, or treaties of the United States, the Court finds that Plaintiff Carnival's claims do not come within the subject matter of 28 U.S.C. § 1331.

## B. *The Agreement Is Not a Maritime Contract*

Plaintiff Carnival's second asserted ground for subject matter jurisdiction is admiralty, as it alleges that the Agreement is a maritime contract. 28 U.S.C. § 1333 (granting federal courts exclusive jurisdiction over admiralty and maritime cases). Whether a contract is maritime in nature and subject to a federal court's jurisdiction under 28 U.S.C. § 1333 depends on "the nature of the contract, as to whether it has reference to maritime service or maritime transactions." See *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (citing *N. Pac. S.S. Co. v. Hall Brothers Marine Ry. & Shipbuilding Co.*, 249 U.S. 119, 124 (1919)). A maritime contract is one that "relates to a ship in its use as such, or to commerce, or to navigation on navigable waters, or to transportation by sea, or to maritime employment." See *J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96 (5th Cir. 1992). For instance, a contract for "the transportation of goods by sea," even if a portion of the transportation is on land, as well as contracts for the repair of a ship are generally accepted as maritime contracts. *Norfolk S. Ry. Co.*, 543 U.S. at 24. By contrast, contracts that are merely incidental to maritime activity, such as those "made on land, to be performed on land" (e.g., to build a ship), are too attenuated to invoke admiralty jurisdiction. See *Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 255 (4th Cir. 2009) (quoting *People's Ferry Co. of Boston v. Beers*, 61 U.S. 393, 402 (1857)); *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir. 1986) (citing 1 Benedict on Admiralty § 183 (7th ed. 1985)).

Turning to the instant matter, Plaintiff Carnival argues that the Agreement is a maritime contract, because it concerns the sales of shore excursion tickets to Plaintiff Carnival's passengers, who would not have the opportunity to purchase these tickets or participate in the shore excursions but for their passage on Plaintiff Carnival's ship. (Pl.'s Resp., at 3–4). In response, Defendant Aviomar argues that although the purpose of the Agreement is for Plaintiff Carnival to sell tickets for Shore Excursions to its guests and for Defendant Aviomar to arrange and provide such Shore Excursions, the offering of such shore excursions is a mere convenience, and not essential to the passengers' travel on Plaintiff Carnival's ships. (Def.'s Reply, at 3). To resolve this issue, the Court looks to the Agreement, which is attached to the Amended Complaint.

The Agreement at issue is a contract to permit Defendant Aviomar, a provider of land-based excursions at ports-of-call, to sell shore excursions to the passengers of Plaintiff Carnival. The Agreement was executed by the V.P. of Operations on behalf of Defendant Aviomar and by the V.P. of Cruise Entertainment and Programming and the Director of Tour Operations on behalf of Plaintiff Carnival. (Agreement, at 4). The services provided pursuant to the Agreement do not occur on the cruise ship and do not physically affect the cruise ship (e.g., a repair). Further, the Agreement does not purport to insure or guarantee the safety of the passengers of the cruise ship while aboard the cruise ship. Upon careful consideration of the terms and context of the Agreement and the relevant authority, the Court finds that the Agreement between Plaintiff Carnival and Defendant Aviomar, including the indemnification clause contained therein, is merely

incidental to the maritime activity of Plaintiff Carnival, i.e., the carriage of passengers. Accordingly, the Court finds that the Agreement does not qualify as a maritime contract to invoke admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

### C. *Complete Diversity Is Lacking*

Plaintiff Carnival's remaining asserted ground for subject matter jurisdiction is diversity. 28 U.S.C. § 1332 (2005) (granting federal courts original jurisdiction over cases where the amount in controversy is over $75,000.00 and the parties are diverse). Courts have long required complete diversity to invoke § 1332. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1) (2005).

With the instant Motion to Dismiss, Defendant Aviomar argues that diversity is lacking, because both Plaintiff Carnival and Defendant Aviomar are alien corporations under § 1332(a)(2). In support of this argument, Defendant Aviomar asserts that Plaintiff Carnival's dual citizenship as both a Florida corporation and a foreign corporation (in this case, a Panamanian corporation) negates complete diversity where the opposing party is also a foreign corporation (in this case, a Mexican corporation). *See generally Vaka v. Embraer-Empresa Brasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1333 (S.D. Fla. 2003) ("complete diversity is lacking because one Plaintiff and one Defendant are both aliens for diversity purposes").

In response, Plaintiff Carnival argues that although both Parties are foreign corporations, Plaintiff Carnival's concurrent status as a Florida corporation, due to its principal place of business, is sufficient to invoke diversity jurisdiction. In support of its argument, Plaintiff Carnival urges the Court to read an unpublished[3] Eleventh Circuit opinion, *Crist v. Carnival Corp.*, 410 Fed. App'x 197, 200 (11th Cir. 2010), for the proposition that Plaintiff Carnival is always a citizen of Florida for purposes of diversity. (Resp., at 4). The Court has read the *Crist* opinion, and finds that while its holding is applicable to the instant matter, its ultimate conclusion, that Carnival is a Florida corporation, is limited to that facts of that case.

In *Crist*, the Eleventh Circuit analyzed whether diversity exists between an individual party who is a citizen of a State and a foreign corporation (in that case, also Carnival), with its alleged principal place of business in the same State. 410 Fed. App'x at 200. Ultimately, the *Crist* Court held that because a corporation "is a citizen for diversity jurisdiction purposes of the country where it is chartered and of the state where it has its principal place of business," complete diversity was lacking where both the individual plaintiff and the foreign corporation were citizens of the same State. *Id.* at 200–01. Under the rational of *Crist*, diversity likewise would be lacking where, as in the instant matter, a corporation with dual foreign and State citizenship sues another foreign corporation. *See also, e.g., Slavchev*, 559 F.3d at 251.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Here, the Court finds that based on the facts alleged in the Amended Complaint, Plaintiff Carnival continues to be both a citizen of Florida, as well as a foreign corporation. § 1332(c)(1). Accordingly, upon consideration of Plaintiff Carnival's status as foreign corporation and Defendant Aviomar's status as a foreign corporation, the Court finds that complete diversity is lacking.

### III. CONCLUSION

Accordingly, upon consideration of the pleadings and being duly advised, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant Operadora Aviomar S.A. de C.V.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (**DE #38**) be, and the same is hereby, **GRANTED**.

2. The above-styled action is hereby **DISMISSED without prejudice** to re-file in a court with proper jurisdiction.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are hereby **DENIED as moot**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of August, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*

**Curtis Jay Mase**
Mase, Lara, Eversole PA
SBS Tower
2601 South Bayshore Drive
Suite 800
Miami, FL 33133
305-377-3770
Fax: 305-377-0080
Email: cmase@mletrial.com

**Richard Greiffenstein**
Mase Lara Eversole, P.A.
SBS Tower
2601 S. Bayshore Drive
Suite 800
Miami, FL 33133
305-377-3770
Fax: 305-377-0080
Email: rgreiffenstein@mletrial.com

*Counsel for Defendants*

**Ryan Charles Meade**
Quintairos, Prieto, Wood & Boyer, P.A.
9300 S. Dadeland Blvd
4th Floor
Miami, FL 33156
3056701101
Fax: 3056701161
Email: rmeade@qpwblaw.com

**Valerie Shea**
Sedgwick LLP
2400 E Commercial Boulevard
Suite 1100
Fort Lauderdale, FL 33308
954-958-2500

Fax: 958-2513
Email: Valerie.Shea@sedgwicklaw.com

**Joseph K. Powers**
Sedgwick, LLP
125 Broad Street
New York, NY 10004
Email: joseph.powers@sedgwicklaw.com